UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAUREEN KRAUSE, | ) |
|     *Plaintiff*, | ) |
| | ) |
|     *vs.* | )    1:13-cv-160-JMS-TAB |
| | ) |
| NORTHMARQ REAL ESTATE SERVICES, LLC, | ) |
| *et al.*, | ) |
|     *Defendants*. | ) |

## ORDER TO FILE JOINT JURISDICTION STATEMENT

On January 28, 2013, Defendant Opus Real Estate Services, LLC ("Opus"), removed Plaintiff Maureen Krause's state court action to federal court, alleging that this Court could exercise diversity jurisdiction over this action.  [Dkt. 1.]  For the following reasons, Opus' diversity jurisdiction allegations are deficient.

First, Opus alleges that "[u]pon information and belief, the plaintiff, Maureen Krause, is a resident of Indianapolis, Indiana."  [Dkt. 1 at 2 ¶ 7.]  An allegation of residence is inadequate to establish citizenship.  *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).  Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity.  *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  Additionally, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").

Second, Opus alleges that it is a business entity incorporated in Delaware with its principle place of business in Minnesota.  [Dkt. 1 at 2 ¶ 7.]  It further alleges that Defendant Northmarq Real Estate Services, LLC ("Northmarq") is a "Minnesota domestic business entity."  [*Id.*]  Both Opus and Northmarq appear to be unincorporated associations (LLCs); and the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner."  *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Id.* at 543.  Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient.  *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

Third, although Opus details the reasons why it believes the amount in controversy exceeds the jurisdictional threshold, it does not expressly allege that that amount is $75,000, "*exclusive of interest and costs*," as the statute requires.  28 U.S.C. § 1332(a) (emphasis added); [dkt. 1 at 3-4 (alleging that there exists a "'reasonable probability' that the jurisdictional amount in controversy threshold is satisfied)].

Fourth, although Opus acknowledges its co-defendant Northmarq for purposes of alleging diversity jurisdiction, it does not explain why Northmarq has not joined its removal petition.  "As a general rule, all defendants must join in a removal petition in order to effect removal."  *N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982).  "A petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."  *Id.* at 273.  But any defect in the removal process other than

the lack of subject-matter jurisdiction will be forfeited unless it is raised within thirty days.

*McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) (citing 28 U.S.C. § 1447(c)).  Therefore, while Northmarq's failure to join Opus' notice of removal may not be fatal to the Court's jurisdiction, the parties should address this failure in the joint statement ordered below.

For these reasons, the Court **ORDERS** the parties to file a joint jurisdictional statement by **February 8, 2013**, detailing the citizenship of each party,[1] whether the amount in controversy exceeds $75,000, exclusive of interest and costs, and whether Northmarq joins Opus' notice of removal.  If the parties cannot agree on the contents of a joint statement, competing statements must be filed by that date.  Filing a compliant statement will satisfy Ms. Krause's obligations under Local Rule 81-1.

01/29/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**
Kelly Thompson
THOMPSON LEGAL SERVICES
7210 Madison Avenue, Suite E
Indianapolis, IN 46277

**Distribution via ECF only:**

Bruce P. Clark

---

[1] The Court agrees with Opus that pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the fictitious business entity that Ms. Krause sued anonymously is ignored at this time.  [Dkt. 1-2 at 2 ¶ 4.]  If that defendant is identified as a non-diverse defendant and joined as a party to this action, however, this matter may be remanded to state court.  28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

- 4 -

BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com